b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | CIVIL DOCKET NO. 3:25-CV-01451 |
| VERSUS | JUDGE EDWARDS |
| LAND OUACHITA PARISH ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Intervene as Party in Interest, Answer Asserting Compensable Interest, and Objection to Adequacy of Deposit and Schedule (ECF No. 29) filed by Movant William Roark ("Roark"). The Government opposes. ECF No. 31.

Because Roark is claiming an interest in the Property, IT IS RECOMMENDED that the Government be ORDERED to amend its Complaint to name Roark as a defendant in this matter.

Because the Government should amend its Complaint to name Roark as a defendant, IT IS FURTHER RECOMMENDED that Roark's Motion to Intervene be DENIED AS MOOT and DISMISSED WITHOUT PREJUDICE.

## I. Background

On September 24, 2025, CB Ouachita Investments, LLC ("CB Ouachita") recorded a cash deed to sale land in Ouachita Parish, Louisiana ("the Property") to Pelican Realty, Inc. ("Pelican") for $51,300.00. ECF No. 29-6. Roark represented

Pelican in that transaction. *Id.* at 1. That same day, Roark executed a collateral mortgage with Pelican for the purchase price of the Property. ECF No. 29-2.

On September 30, 2025, the Government initiated this civil condemnation action on behalf of the Federal Aviation Administration to take the Property. ECF No. 1. The estimated just compensation for the interests being taken was $4,620.00. *Id.* at 10. The initial Complaint named CB Ouachita, Progressive Bancorp, Inc., and Ouachita Parish, Louisiana, as "persons who have or claim an interest in the property." *Id.* at 11. The Government later amended its Complaint to name Pelican and Skyrider Equipment Inc. as additional interested persons. ECF Nos. 8-1 at 2 & 28-1 at 2.

On October 8, 2025, the Court ordered the Clerk of Court to accept the Government's deposit of the estimated just compensation and to deposit those funds into an interest-bearing account. ECF No. 9. On October 14, 2025, the Government deposited the funds. ECF No. 31-2. That transaction was notated on the Court's docket on October 22, 2025.

On November 13, 2025, Roark recorded his collateral mortgage on the Property with the Ouachita Parish Clerk of Court. ECF No. 29-1 at 1. The next day, Roark and CB Ouachita filed a Counterclaim. ECF No. 15. The Counterclaim was deemed deficient. ECF No. 16. On November 25, 2025, Roark filed a "Supplemental" and "Demand to Dismiss." ECF Nos. 17 & 18. Those filings, too, were deemed deficient. ECF No. 19. After Roark and CB Ouachita failed to cure the deficiencies, the

Counterclaim, Supplemental, and Demand to Dismiss were stricken. ECF Nos. 21 & 34.

On April 7, 2026, Roark filed the instant Motion. ECF No. 29. Roark moves the Court to, among other things, permit his intervention as of right. *Id.* at 1–2. The Government responds that Roark may not intervene as of right. ECF No. 31 at 4. In reply, Roark asserts a claim of permissive intervention. ECF No. 32 at 4.

## II. Law and Analysis

Among other things, Roark argues the Court should permit him to intervene because the Government failed to include him in its Schedule G filing. ECF No. 32 at 6. He cites Federal Rule of Civil Procedure 71.1(c)(3) for this proposition. *See id.* at 5–6. This Rule provides:

> When the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known. But before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired.

Fed. R. Civ. P. 71.1(c)(3).

Roark does not explain how this Rule is relevant for determining whether he should be allowed to intervene. Nevertheless, the Court finds this Rule mandates his inclusion in this suit as a named defendant for the reasons set forth below.

To begin, the instant Motion demonstrates that Roark is claiming an interest in the Property. *See e.g.,* ECF No. 29 ("Roark holds a recorded first mortgage . . . on the condemned parcel."). The Government acknowledges that Rule 71.1(c)(3) requires

it "to list as named defendants individuals who claim an interest in the property acquired through condemnation." ECF No. 31 at 4. But the Government seems to suggest it is not required to name Roark because it finds he does not have a secured or compensable interest in the Property. *Id.* at 4–8.

This interpretation conflicts with the Rule's plain language. No language in Rule 71.1(c)(3) explicitly vests the Government with discretion to determine what type of claim warrants naming an individual as a defendant. Quite the opposite. The Rule sets forth a plain edict that the Government "*must* add as defendants all those persons who have or *claim* an interest and whose names have become known." Fed. R. Civ. P. 71.1(c)(3) (emphasis added). This language brokers no discretion. That is, the Rule does not suggest the Government can evaluate which claimed interests must be included in the Complaint. And the Government directs the Court to no cases interpreting the Rule in such a manner.

Accordingly, the Court finds that Rule 71.1(c)(3) requires the Government to amend its Complaint to name Roark as a defendant with a claimed interest. The Court does not intend to opine on whether Roark has a compensable claim. The Court simply finds Roark has claimed an interest in the Property and, as such, must be named as a defendant prior to any hearing on compensation.

## III. Conclusion

Because Roark is claiming an interest in the Property, IT IS RECOMMENDED that the Government be ORDERED to amend its Complaint to name Roark as a defendant in this matter.

Because the Government should amend its Complaint to name Roark as a defendant, IT IS FURTHER RECOMMENDED that Roark's Motion to Intervene be DENIED AS MOOT and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 16, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE